## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL ALAN CROOKER,       *

Petitioner                    *

v                            *        Civil Action No. ELH-13-3644

WARDEN TIMOTHY STEWART     *

Respondent               *
                             ***

### MEMORANDUM

Petitioner Michael Crooker is a federal inmate incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), where he is serving a 15-year sentence.[1]  Crooker, who is self-represented, filed a petition for a writ of habeas corpus.  In response, Warden Stewart, respondent, filed a motion to dismiss, or alternatively, a motion for summary judgment (the "Motion"). ECF No. 6.  The Motion is supported by the Declaration of Jeffrey Johnson, a Bureau of Prisons ("BOP") employee since 1988, who works as a Correctional Programs Specialist at the Designation and Sentence Computation Center ("DSCC").  Johnson has attached numerous exhibits to his Declaration.[2]  Petitioner was notified of his opportunity to file a reply and has done so.  ECF Nos. 7 & 8.  Thereafter, respondent replied.  ECF No. 9.  Petitioner then filed a "Motion For Leave To File A Rebuttal To Government Response And Rebuttal."  ECF No. 10.  That motion is granted.

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons that follow, the court will GRANT the Motion, DISMISS the petition for writ of

---

[1] Crooker's current release date is August 2017.

[2] The entire exhibit, found at ECF 6-2, consists of 54 pages.  For the convenience of petitioner, I will refer to it as Respondent's Exhibit 1, consistent with the way in which the defense refers to the exhibit.

habeas corpus, and DENY a certificate of appealability.

## Background

Petitioner maintains that the BOP has improperly calculated his good time credits ("GTC") by not "vesting" credits he earned from June 23, 2004 through June 19, 2011. ECF No. 1. He maintains that his release from BOP custody to the custody of the U.S. Marshals on September 13, 2010, triggered the vesting of his 337 days of accrued good time credits under 18 U.S.C. § 3624(b)(2).[3] *Id.* Petitioner states that the fact that he has been subjected to disciplinary sanctions, which included the disallowance of GTC, demonstrates that the case is ripe for review. *Id.* He claims that the risk of loss of the GTC is immediate. *Id.*

---

[3] 18 U.S.C. § 3624(b) provides, in pertinent part, as follows:

(b) Credit toward service of sentence for satisfactory behavior.--

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

The facts and circumstances giving rise to this action are not in dispute. On June 23, 2004, petitioner was arrested on federal firearms charges. ECF No. 6, Ex. 1.  On July 22, 2004, petitioner mailed a threatening letter to the Assistant United States Attorney assigned to prosecute petitioner's federal firearms charges. *Id*.

On June 8, 2007, the United States District Court for the District of Massachusetts, sentenced petitioner to 262 months' incarceration for violation of 18 U.S.C. § 922(g) (Transportation of a Firearm in Interstate Commerce by a Convicted Felon). ECF No. 6, Ex. 1 at 7-8.

On December 4, 2007, petitioner was indicted in the United States District Court for the District of Massachusetts on nine additional counts including: Count One, Mailing a Threatening Communication, in violation of 18 U.S.C. § 876(c); Count Two, Threat to Use a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332(a)(2)(A), 18 U.S.C. § 2332(a)(2)(B), 18 U.S.C. § 2332(a)(2)(D), and 18 U.S.C. § 2332(a)(3); Count Three, Threat to Transfer a Toxin for Use as a Weapon, in violation of 18 U.S.C. § 175(a); Count Four, Possession of Toxin for Use as a Weapon, in violation of 18 U.S.C. § 175(a); Count Five, Possession of Toxin for Use as a Weapon, in violation of 18 U.S.C. § 175(a); Count Six, Possession or Production of Toxin for Use as a Weapon, in violation of 18 U.S.C. § 175(a); Count Seven, Possession or Production of Toxin, in violation of 18 U.S.C. § 175(b); Count Eight, Possession of Toxin by a Restricted Person, in violation of 18 U.S.C. § 175(b)(a); and Count Nine, Possession of Toxin Without Registration, in violation of 18 U.S.C. §§ 175b(c)(1) & (2).  ECF No. 6, Ex. 1 at 14-22.

The United States Court of Appeals for the First Circuit reversed petitioner's conviction for transportation of a firearm in interstate commerce on June 18, 2010.  The case was remanded to the district court for entry of a judgment of acquittal.  ECF No. 6, Ex. 1 at 25.  A judgment of

acquittal was entered by the United States District Court for the District of Massachusetts on September 9, 2010, as to petitioner's indictment for transportation of a firearm in interstate commerce. *Id*., Ex. 1 at 27. The following day, the BOP vacated and deleted petitioner's federal sentence. *Id*., Ex. 1 at 3. On September 13, 2010, petitioner was transferred to the custody of the U.S. Marshals Service pursuant to a detainer which was lodged based on the 2007 indictment. *Id*., Ex. 1 at 29.

Petitioner pled guilty to two offenses in connection with the 2007 charges, and was sentenced in the United States District Court for the District of Massachusetts on June 20, 2011. He received 60 months incarceration for violation of 18 U.S.C. § 876(c) (Mailing a Threatening Communication), and a consecutive sentence of 120 months incarceration for violation of 18 U.S.C. § 175b(c)(1) (Possession of Toxin Without Registration). *Id*., Ex. 1 at 31-32. Petitioner was committed to the custody of the BOP for a total of 180 months. *Id*.

In computing petitioner's sentence, the BOP commenced the sentence on the date it was imposed (June 20, 2011) and awarded Crooker 2,553 days credit for the time he was in official detention from his arrest on June 23, 2004, through June 19, 2011, the day before his federal sentence commenced. *Id*., Ex. 1 at 38-39.

From the commencement of petitioner's official detention he has accrued GTC at a rate of 54 days per year. *Id*., Ex. 1 at 41. From June 23, 2004, through June 23, 2011, petitioner earned 378 GTC.[4] *Id*. He earned an additional 108 good conduct credits from June 24, 2011 through June 23, 2013. *Id*.

---

[4] The parties appear to agree that petitioner earned 337 days GTC from June 24, 2004, until his initial sentence was vacated and he was released to the federal detainer. *See* ECF No. 1 and ECF No. 6, Memorandum at 2, 8, 9, 12 & 13.

On October 2, 2013, petitioner received disciplinary sanctions for violating Code 112 (Use of Drugs or Alcohol). *Id.*, Ex. 1 at 43.  As part of petitioner's disciplinary sanctions, 41 days of GTC were disallowed.  *Id.*  The 41 days were taken from the computation period of June 24, 2013 to June 23, 2014. *Id.*, Ex. 1 at 41.  Petitioner did not forfeit any GTC earned during previous years of incarceration.  *Id.*

## Standard of Review

Defendant's motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  ECF No. 19. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure.  *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).  Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).  However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d).  If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that  conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious."  *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[5]

---

[5] A court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so.  *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes"

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165, 167.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f))

---

in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials).

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (citation omitted). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods*, 302 F.3d at 244 (citations omitted). But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted). According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary"

and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted).

Plaintiff has not filed an affidavit under Rule 56(d). And, I am satisfied that it is appropriate to address defendant's motion as one for summary judgment, because it will facilitate resolution of the case.

Summary judgment is governed by Fed. R. Civ. P. 56. Rule 56(a) provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial

judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

## Discussion

The court first considers respondent's contention that the petition must be dismissed as the issue raised by petitioner, the possible future loss of GTC, is not ripe for review.  ECF No. 6. Petitioner claims that if the GTCs are not vested, he could potentially lose 337 days of credit at some time during his confinement if he is found guilty of a disciplinary infraction.   The determination of whether petitioner's GTC are vested or unvested does not have any immediate impact on his release date.   Under these circumstances, the court agrees with respondent that petitioner's claim is not ripe for resolution.[6]

A court cannot decide a claim that is not ripe for adjudication.  *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003).  Ripeness is a doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id*. at 807-08 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)).

---

[6] Petitioner previously filed a petition for writ of habeas corpus in the United States District Court for the District of Massachusetts raising virtually identical claims regarding the "vesting" of his 337 days of good conduct time.  The only difference between that case and the instant case is that subsequently petitioner was charged with an inmate rule violation and forfeited 41 days of GTC.  The Massachusetts court dismissed the case finding the case was not ripe for review.  *Crooker v. Grondolsky*, 982 F.Supp 2d 89 (D. Mass. 2013).

"Ripeness 'concerns the appropriate timing of judicial intervention.'"  *Cooksey v. Futrell*, 721 F.3d 226, 240 (4th Cir. 2013) (citations omitted).  "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."  *See Nat'l Park Hospitality Ass'n*, 538 U.S. at 808 (citation omitted).

In *Abbot Laboratories v. Gardner*, the Supreme Court set out a two-part test for determining whether administrative action is ripe for judicial review.  Courts must evaluate: (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration. *Abbott Labs.*, 387 U.S. at 149.

The Fourth Circuit has interpreted the first prong of the *Abbott Labs* test to mean that a case is fit for judicial decision where the issues to be considered are "purely legal ones" and where the agency rule or action giving rise to the controversy is "final and not dependent upon future uncertainties." *Miller v. Brown*, 462 F. 3d 312, 319 (4th Cir. 2006). The Fourth Circuit has indicated that for the second prong of the *Abbott Labs* test to be met, there must be "an administrative decision [that] has been formalized and its effects felt in a concrete way by the challenging parties." *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992).  The second prong is measured by the immediacy of the threat and the burden imposed on the petitioner.  *Id.*, at 208.

In my view, petitioner does not meet the *Abbott Labs* test and thus his claim is not justiciable. The BOP has taken no action to forfeit or revoke the 337 GTC  previously awarded. If petitioner remains infraction free for the remainder of his incarceration, the issue of the vesting of the 337 days of GTC will not arise.  Even if petitioner fails to remain infraction free for the duration of his confinement, whether any of the 337 days at issue would be forfeited is purely speculative. In fact, in his most recent disciplinary infraction, none of the credits petitioner

10

maintains have vested were impacted by the sanction. Until petitioner has actually forfeited or been threatened with the immediate forfeiture of any of the 337 days of GTC, nothing is required to be decided as to the vesting of the 337 days.  Similarly, there is no direct and immediate threat to petitioner due to the BOP's characterization of the 337 days as unvested.

### Conclusion

Possible future harm as articulated by petitioner is not an appropriate basis for the court to render an opinion.   The petition is premature.  Until petitioner is threatened with the actual loss of any of the 337 GTC days at issue, his claims are merely hypothetical and not ripe for judicial review.  Therefore, respondent's Motion, construed as a motion for summary judgment, shall be granted; the petition for writ of habeas corpus will be dismissed, without prejudice; and a certificate of appealability shall be denied.[7]  A separate Order follows.


August 12, 2014                                                    /s/
Date                                                    Ellen L. Hollander
                                                    United States District Judge


---

[7] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U. S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).